ETTA RADIN, ADMINISTRATRIX, ESTATE OF SAMUEL RADIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 8175.   Promulgated October 29, 1927.

1. Assessment and collection of the deficiency in income tax for the period January 1, to November 8, 1919, is barred by the statute of limitation.

2. The evidence is insufficient to show that the Commissioner's determination of deficiencies in income tax for the period November 9 to December 31, 1919, and for the calendar year 1920 was erroneous.

*William Surosky, Esq.*, for the petitioner.
*Joseph K. Moyer, Esq.*, for the respondent.

The Commissioner determined a deficiency in income tax due from Samuel Radin during the period prior to his death from January 1 to November 8, 1919, in the amount of $3,620.89, a deficiency in income tax against his estate for the period November 9 to December 31, 1919, in the amount of $7.97, and a deficiency for the calendar year 1920 in the amount of $5,665.96.

The administratrix claims that the Commissioner erred in his determination of the deficiency for the period January 1 to November 8, 1919, in that he ignored inventory figures claimed in the return. It is also claimed that the assessment and collection of a deficiency for this period is barred by the statute of limitation of five years. The deficiency for the period November 9 to December 31, 1919, is not in controversy.

As to the calendar year 1920, the administratrix claims that the Commissioner erred in refusing to accept inventory figures shown in the returns and in determining that the estate realized a gain of $10,000 upon the sale of property owned by Samuel Radin at the time of his death.

#### FINDINGS OF FACT.

Etta Radin is the administratrix of the estate of Samuel Radin, who died intestate November 8, 1919. At the time of his death, Samuel Radin was engaged in selling merchandise at retail in Paterson, N. J., and after his death this business was carried on by his widow as administratrix. Subsequent to the death of Samuel Radin, Etta Radin, as administratrix, filed in his name an individual income-tax return for the period January 1 to November 8, 1919. This return was executed on April 9, 1920, and shows that it was received by the collector of internal revenue for the fifth district of New Jersey on May 8, 1920. The administratrix also filed income-tax returns for the estate of Samuel Radin for the period November 9 to December 31, 1919, and for the calendar year 1920. On October 3, 1925, the Commissioner mailed by registered mail a notice of his determination of deficiencies for the periods January 1 to November 8, 1919, November 9 to December 31, 1919, and for the calendar year 1920.

The income-tax return filed for Samuel Radin for the period January 1 to November 8, 1919, was not false and fraudulent with intent to evade the tax and no consent in writing has been entered into between the taxpayer and the Commissioner for assessment and collection of any tax for this period beyond the five years provided by the statute. The deficiency of $3,620.89 determined by the Commissioner, as set forth in his notice mailed October 3, 1925, has not been assessed.

Complete accounting records of the mercantile business were not maintained but such records as were kept were upon the basis of cash received and disbursed. In the income-tax return filed for the periods in controversy, certain figures purporting to reflect the income arising from the operation of the business were stated therein. In these returns a certain amount was claimed as the cost of goods sold, determined by a figure alleged to represent the merchandise inventory at the beginning of the accounting period, to which was added an amount alleged to have been expended for merchandise during the period, and, from the total so determined there was deducted an amount alleged to represent the closing inventory for the accounting period, and the balance remaining was deducted from gross income as the cost of the goods sold. The Commissioner audited these returns and made an investigation and audit of the books and records of the business and concluded that the inventory figures were incorrect and that the accounting method employed by the petitioner did not clearly reflect income. In determining the cost of goods sold during each of the accounting periods, the Commissioner eliminated the inventory amounts claimed on the returns and employed instead, as the cost of goods sold during the year, the amounts found by him from such investigation and audit to represent the amounts actually expended during each period for the purchase of merchandise.

On September 3, 1919, Samuel Radin and others, and the Miesch Manufacturing Co., a corporation, entered into a purchase-and-sales contract under the terms of which the Miesch Manufacturing Co. sold to Radin et al. a certain tract of land and premises situated thereon, at an agreed price of $171,200. Prior to his death, Radin paid on account of his proportion of the purchase price of said property the sum of $25,000 in accordance with the contract. The Commissioner determined that the value of Samuel Radin's interest in this property at the time of his death was $25,000, and there is no controversy concerning this. Upon the death of Radin, his widow, Etta Radin, was duly appointed administratrix of his estate and the guardian of their two children, Clarence H., age 12, and Joseph, age 7. On January 31, 1920, while the estate of Samuel Radin was in process of administration and settlement, Etta Radin individually, and as administratrix and guardian of the two children, sold and conveyed the interest in the property of which Samuel Radin died siezed and possessed for the sum of $35,000, and this sale was approved by the Chancery Court on April 19, 1920, the decree of the court also providing that—

These proceedings are to be without prejudice to the said claim of said Etta Radin that she is, individually, entitled to a larger interest in said lands and premises than the estate in dower therein, stated in the Bill of Complaint,

which said claim is to attach, upon such conveyance, assignment and transfer, to the proceeds thereof so to be paid in to this Court, provided she institute proceedings in this Court to substantiate and enforce said claim within sixty (60) days after the date of said deed of conveyance, or such further time as this Court, on good cause shown, may allow, and prosecute the same with diligence; and in case of her failure so to do her said claim shall be considered as abandoned and cease to be attached to such proceeds, and such proceeds shall be distributed free and clear of said claim; but before instituting such proceedings she is to obtain a discharge and release from her said offices of administratrix and guardian, and others are to be appointed in her place and stead, therein; and provided further, that in case Mrs. Etta Radin shall, before being so discharged and released, decide to abandon her said claim, she is, upon filing a statement of such decision in this Court in this cause, and furnishing such further security as such administratrix and guardian, if any, as this Court may require, to be entitled to have paid to her, as such administratrix and guardian, said proceeds of said sale and the accumulated interest thereon.

In the return filed by the estate, a profit of $10,000 upon the sale of this property by the administratrix was not included and upon audit the Commissioner increased the income of the estate accordingly. The administratrix assigns error in this regard claiming that the profit of $10,000 is taxable, if at all, to the beneficiaries of the estate.

OPINION.

LITTLETON: The evidence shows that the income-tax return of the individual income of Samuel Radin prior to his death for the period January 1 to November 8, 1919, was filed with the collector of internal revenue on May 8, 1920, more than five years before the mailing of the deficiency notice upon which this proceeding is based. At the hearing the taxpayer claimed that no consent had been executed and counsel for the Commissioner claimed that a "waiver" of the statute of limitation had been filed for the period January 1 to November 8, 1919, and offered in evidence a paper writing purporting to be a consent entered into between the estate of Samuel Radin and the Commissioner for a determination and assessment beyond the statutory period of limitation. Upon examination it appeared that the consent in question related to the determination and assessment of any additional tax that might be due for a taxable period subsequent to the death of Samuel Radin which the administratrix had not claimed was barred. The Commissioner thereupon withdrew the offer of this document in evidence. The taxpayer and the Commissioner have not consented in writing to the assessment of any tax for the period January 1 to November 8, 1919, beyond the five-year period prescribed by the statute of limitation. The deficiency involved has not been assessed and the return was not false and fraudulent. It is not claimed by the Commissioner that any

suit has been instituted for the collection of the tax without assessment. The deficiency for the period January 1 to November 8, 1919, is barred and there is, therefore, no deficiency for that taxable period.

The Commissioner determined that the opening and closing inventories claimed by the petitioner for the calendar year 1920, were incorrect, and that the method of accounting employed by the petitioner did not clearly reflect income. After an audit and investigation of the books and records, the Commissioner computed the income for the period upon such basis as in his opinion clearly reflected income—the basis used by him being the cash receipts and disbursements basis, and the petitioner has not submitted sufficient evidence to show that his determination was erroneous. We therefore approve the Commissioner's determination in this regard.

There is no question in this proceeding concerning the profit upon the sale of the property owned by the decedent at the time of his death or that, at the time of such sale by the administratrix, the estate of Samuel Radin was in process of administration and settlement. During the year 1920 Etta Radin held the property as administratrix and as guardian. The Board is unable from the evidence to hold that the Commissioner erred in taxing the profit upon the sale of the property of the estate under the provisions of section 219 of the Revenue Act of 1918.

Reviewed by the Board.

*Judgment will be entered on 15 days' notice, under Rule 50.*